IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| RICARDO GONZALEZ, CARLOS ALBERTO GONZALEZ, RENE GONZALEZ, ELIZABETH ONTIVEROS, VALERIA GONZALEZ SOLORZANO, as Permanent Guardian of Mariela Gonzalez Solorzano, an Incapacitated Person, and RITA TORRES RAMIREZ, as Surviving Spouse of the Estate of Israel Gonzalez, deceased,<br><br>       Plaintiffs,<br>    v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC.,<br><br>       Defendant. | Case No.: 3:24-cv-01655-AN<br><br><br>OPINION AND ORDER |

Plaintiffs Ricardo Gonzalez, Carlos Alberto Gonzalez, Rene Gonzalez, Elizabeth Ontiveros, Valeria Gonzalez Solorzano, as Permanent Guardian of Mariela Gonzalez Solorzano, an Incapacitated Person, and Rita Torres Ramirez, as Surviving Spouse of the Estate of Israel Gonzalez, deceased, bring this action against defendant FedEx Ground Package System, Inc. ("FedEx"), alleging Pennsylvania state law claims for wrongful death, survival action, negligent entrustment, and negligence/recklessness under direct and vicarious liability theories. On January 23, 2025, plaintiffs filed a motion for voluntary dismissal. On April 23, 2025, defendant filed a motion for stay. After reviewing the parties' filings, the Court finds this matter appropriate for decision without oral argument. Local R. 7-1(d). For the reasons stated below, defendant's motion is DENIED, and plaintiffs' motion is GRANTED.

## LEGAL STANDARDS

### A.    Stay of Proceedings

A district court possesses "inherent authority to stay federal proceedings pursuant to its docket management powers." *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 842 (9th Cir. 2023). A court

"may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (citation omitted). The decision to stay proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936).

The Ninth Circuit has "identified three non-exclusive factors courts must weigh when deciding whether to issue a docket management stay: (1) 'the possible damage which may result from the granting of a stay'; (2) 'the hardship or inequity which a party may suffer in being required to go forward'; and (3) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law.'" *Ernest Bock*, 76 F.4th at 842 (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).

## B.    Voluntary Dismissal

"Except as provided in [Federal Rule of Civil Procedure] 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) (citations omitted). The decision to grant a voluntary dismissal under Rule 41(a)(2) "is addressed to the sound discretion of the district court." *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145 (9th Cir. 1982) (citation modified).

## BACKGROUND

### A.    Factual Allegations

On December 20, 2022, at approximately 5:03 a.m. in Multnomah County, Timothy Gettel ("Gettel") drove a Volvo semi eastbound on Interstate 84 ("I-84") near Rooster Rock State Park. Notice of Removal, ECF [1], Ex. A ("Compl."), ¶¶ 26, 33, 62. Gettel was acting within the course and scope of his employment and agency with defendant, driving from a FedEx terminal in Troutdale, Oregon, to another FedEx terminal in The Dalles, Oregon, to make deliveries on behalf of defendant. *Id.* ¶¶ 67, 72. At that

place and time, decedent Israel Gonzalez had pulled his vehicle over to the shoulder of I-84 and had exited his vehicle to help a motorist. *Id.* ¶¶ 63-64. While driving at an unsafe speed in inclement icy conditions, Gettel lost control of the Volvo, causing him to slide onto the shoulder of I-84 and strike decedent. *Id.* ¶¶ 73-74. As a result of the collision, decedent was killed. *Id.* ¶ 76. Gettel was cited for careless driving in connection with the incident. *Id.* ¶ 66.

Plaintiffs, who are decedent's wife and children, seek damages including but not limited to funeral and burial expenses; costs of estate administration; profound psychological and emotional loss; conscious pain and suffering; loss of the comfort, care, and society of decedent; and other injuries, damages, and losses compensable at law under the Pennsylvania Wrongful Death and Survival Acts. *Id.* ¶ 77.

**B.    Procedural History**

Plaintiffs initiated this action in Philadelphia County Court of Common Pleas on June 17, 2024. Defendant removed the action to the Eastern District of Pennsylvania on August 28, 2024. *See* Notice of Removal. On September 30, 2024, the Eastern District of Pennsylvania transferred the action to this Court. ECF [8].

Plaintiff Ricardo Gonzalez, as Special Administrator of decedent's estate, initiated a state court action arising from the same events underlying this case in Multnomah County Circuit Court on November 14, 2024. The state court case, *Gonzalez Solorzano v. Federal Express Corporation*, Case No. 24CV53783, alleges Oregon state law negligence claims against defendant, Gettel, and defendant's captive contract service provider True North Trucking Company ("TNT") on direct and vicarious liability theories. *See* Decl. D. Jack Guthrie Supp. Def. Opp'n Pls. Mot. to Dismiss, ECF [25], Ex. 4, ¶¶ 5, 27-54. In December 2024, plaintiffs' counsel informed defendant's counsel of their intention to dismiss this action once defendant filed an answer in the state court action. Decl. Brent Barton Supp. Pls. Mot. to Dismiss ("Barton Decl."), ECF [21], Ex. B. Defendant represented that it would file an answer in the state court action on behalf of all the defendants by January 10, 2025. *See id.* Defendant did not file an answer by January 10, 2025, which prompted plaintiffs' counsel to file a notice of intent to take default in the state court action if no answer was filed by February 3, 2025. *Id.* ¶ 5. Ultimately, FedEx and the other defendants separately

filed motions to dismiss in the state court action, which the state court denied.  *See* ECF [29], [38].  FedEx and the other defendants intend to appeal the state court orders denying their motions to dismiss.  ECF [37].

On January 23, 2025, plaintiffs filed a motion for voluntary dismissal without prejudice in this action in favor of pursuing their claims in Oregon state court.  Pls. Mot. to Dismiss ("Pls. Mot."), ECF [20].  On April 23, 2025, defendant filed a motion to stay this case pending the outcome of the state court motions to dismiss and interlocutory review of the state court's orders denying the motions to dismiss.  Def. Mot. for Stay ("Def. Mot."), ECF [30].

## DISCUSSION

### A.    Motion for Stay

As an initial matter, defendant requests that this Court stay this case pending interlocutory review of the state court orders denying the motions to dismiss.  The Court declines to do so.  Although there is minimal damage that may result from granting a stay, defendant does not articulate any hardship or inequity that it may suffer in the absence of a stay.  Defendant can still seek interlocutory review of the state court decisions regardless of whether this case is stayed.  Plaintiffs also acknowledge that they will not suffer hardship or inequity; indeed, they want to move forward toward litigating the merits.  Finally, resolving plaintiffs' motion for voluntary dismissal will likely simplify this case.  If the motion is granted, the litigation will proceed in one forum: state court.  If the motion is denied, defendant may move for reconsideration of its motion to dismiss in state court, and the state court can determine whether the case should remain there.  On the other hand, a stay would leave both cases open and the question of where the litigation should proceed without resolution.[1]  Accordingly, the Court denies defendant's motion for stay.

### B.    Motion for Voluntary Dismissal

---

[1] Defendant's reliance on *Attwood v. Mendocino Coast District Hospital*, 886 F.2d 241 (9th Cir. 1989), is misplaced. In *Attwood*, the district court declined to exercise jurisdiction after the plaintiff filed a duplicative complaint in federal court and the *defendant* moved to dismiss the federal case.  886 F.2d at 242.  The Ninth Circuit reversed, stating that the district court should have stayed the federal action because of the considerations underlying *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976), and the court's obligation to exercise the jurisdiction given it.  Here, however, *plaintiffs* no longer wish to litigate in federal court and seek to voluntarily dismiss this case in favor of pursuing litigation in state court.

"When evaluating a motion for voluntary dismissal under Rule 41(a)(2), the court must determine (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Solano v. Kroger Co.*, No. 3:18-cv-01488-AR, 2022 WL 3143352, at *6 (D. Or. May 3, 2022) (citation modified), *report and recommendation adopted*, 2022 WL 3139884 (D. Or. Aug. 4, 2022).

      1.    *Whether Dismissal is Appropriate*

Typically, "[a] district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001). "'[L]egal prejudice' means 'prejudice to some legal interest, some legal claim, some legal argument.'" *Id.* at 976 (quoting *Westlands*, 100 F.3d at 97). Legal prejudice "does not result simply when defendant faces the prospect of a second lawsuit or when plaintiff merely gains some tactical advantage." *Hamilton*, 679 F.2d at 145 (citation omitted). Similarly, "the threat of future litigation which causes uncertainty is insufficient to establish plain legal prejudice." *Westlands*, 100 F.3d at 96.

Defendant claims that it will suffer plain legal prejudice from voluntary dismissal because its then-pending motion to dismiss in the state court action will be mooted. This argument is now largely moot because the state court has denied defendant's motion to dismiss, as well as Gettel and TNT's motion to dismiss. *See* ECF [29], [38]. Defendant further argues, citing *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 792 F.2d 1380 (9th Cir. 1986), that plaintiffs are not entitled to voluntary dismissal after the entry of a dispositive ruling in defendant's favor, *i.e.*, the denial of plaintiffs' prior motion to remand in the Eastern District of Pennsylvania. Defendant does not explain how a ruling on a motion to remand constitutes a dispositive ruling. Moreover, this litigation is still in the preliminary stages, as the parties have been, and continue to, vigorously litigate the issue of forum. Defendant "has not acquired any right or become entitled to any affirmative relief in this case; indeed, it has not even brought any motions for substantive relief before this Court." *Viriyapanthu v. Bank of Am., N.A.*, No. SA CV-12-1285- DOC(ANx), 2013 WL 3188848, at *3 (C.D. Cal. June 21, 2013); *see also Bader v. Elecs. for Imaging, Inc.*, 195 F.R.D. 659 (N.D.

Cal. 2000) (finding no legal prejudice "because discovery here has not begun, defendants have not commenced trial preparations, and no motions challenging the merits of this case have come before the court.").

Defendant further contends that the Court should not condone plaintiffs' "forum shopping" and appears to suggest that plaintiffs named two local defendants in the state court action solely to avoid removal.[2]  However, where, as here, there is concurrent jurisdiction, a plaintiff can file parallel state and federal actions simultaneously.  *Rutledge v. Ariz. Bd. of Regents*, 859 F.2d 732, 736 (9th Cir. 1988).  Plaintiffs' ability to prosecute their state law claims in state court without the possibility of removal and defendant's loss of a federal forum are insufficient to establish legal prejudice.  *King v. O'Reilly Auto. Stores, Inc.*, No. C13–1220 JLR, 2013 WL 5675007, *2 (W.D. Wash. Oct. 17, 2013) (citing *Smith*, 263 F.3d at 976).  "Plain legal prejudice does not result merely because [] defendant will be inconvenienced by having to defend in another forum or where [plaintiffs] would gain a tactical advantage by that dismissal."  *Smith*, 263 F.3d at 976 (9th Cir. 2001) (citing *Hamilton*, 679 F.2d at 145).  Nor does plain legal prejudice result from "the need to defend against state law claims in state court."  *Id.*  Moreover, plaintiffs' "desire to dismiss this action so that related actions can be heard in a single forum does not constitute 'impermissible forum shopping' and thus does not warrant denial of a motion for voluntary dismissal."  *Self v. Equinox Holdings, Inc.*, No. CV 14–04241 MMM (AJWx), 2015 WL 13298146, at *8 (C.D. Cal. Jan. 5, 2015) (citations omitted).  Because defendant does not demonstrate any plain legal prejudice, dismissal is appropriate.

2.    *With or Without Prejudice*

To determine whether dismissal should be with or without prejudice, courts typically consider "(1) the defendant's effort and expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; and (3) insufficient explanation of the need

---

[2] To the extent that defendant proffers this argument, the Court rejects the suggestion that the two local defendants are "sham" or fraudulently joined defendants.  Throughout the complaint in *this* action, despite not naming Gettel and TNT as defendants, plaintiffs allege that Gettel operated the truck and caused the collision resulting in decedent's death and that TNT was defendant's captive contractor in its business of delivering packages.  In this context, the Court cannot say that Gettel and TNT "[could] not be liable on any theory."  *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).

to dismiss." *Solano*, 2022 WL 3143352, at *5 (citation modified). "Dismissal with prejudice may be appropriate where it would be inequitable or prejudicial to [the] defendant to allow [the] plaintiff to refile the action." *Id.* (citation modified).

Plaintiffs seek dismissal without prejudice so that they may pursue their action in state court. Defendant does not contend that dismissal without prejudice is inappropriate but argues in its briefing that plaintiff engaged in "systematic delay."

First, defendant's investment of resources in this litigation thus far will not be rendered futile by the dismissal of this action, as plaintiffs are litigating similar claims in the parallel state court action, and both actions are in the preliminary stages. Second, the Court does not find the approximately seven weeks between the transfer of this case to this Court on September 30, 2024, and the filing of the state court action on November 14, 2024, to constitute excessive delay or lack of diligence, particularly considering plaintiffs' need to find local counsel.[3] Third, plaintiffs have explained that they seek to dismiss this case so that they can pursue litigation in state court. Based on these considerations, the Court finds it appropriate to dismiss this action without prejudice.

3.    *Conditions of Dismissal*

"In determining whether to award costs to a defendant after a voluntary dismissal without prejudice, courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 540 (N.D. Cal. 2005) (citation modified). "Although costs are often awarded as a condition of dismissal without prejudice, . . . 'imposition of costs and fees as a condition for dismissing without prejudice is not mandatory.'" *Id.* (quoting *Westlands*, 100 F.3d at 97); *see also*

---

[3] Defendant claims that plaintiffs engaged in "systematic delay" because "[w]hen defense repeatedly attempted to initiate planning conferences with Plaintiffs' counsel [after transfer], Plaintiffs' then-counsel even went so far as to deny he was still counsel of record, despite the fact that he was." However, at that time, plaintiffs' then-counsel was *not* plaintiffs' counsel of record because he was not admitted to practice in this district. *See* ECF [10] (noting so); Local R. 83-1. Plaintiffs found local counsel within four months of transfer, which the Court does not find to be an excessive delay.

*Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) (citation modified) ("We do not read Rule 41(a)(2) as always requiring the imposition of costs as a condition to a voluntary dismissal, although it is usually considered necessary for the protection of the defendant.").

Defendant argues that the Court should condition dismissal on granting defendant attorney fees and costs for work expended that cannot be used in the state court action—*i.e.*, for the work involved in briefing the issue of remand, filing an Answer, and seeking conferences pursuant to Local Rule 26. However, as stated previously, litigation is still in the preliminary stages; the parties have been and continue to litigate the issue of forum. Although defendant suggests that the work done on the issues of remand and transfer will not be useful in the state court action, "neither party in this action took an unfounded position. Both parties had the right to seek a particular forum, and [plaintiffs] sought to moot the issue of a federal forum early in the case to avoid additional litigation costs." *Skeen Farms, Inc. v. Nyssa Co-Op Supply*, No. 08-CV-533-SU, 2009 WL 10693513, at *4 (D. Or. Jan. 14, 2009). Additionally, there is no evidence of bad faith or a lack of diligence on the part of plaintiffs. Plaintiffs have repeatedly expressed their intent to litigate in state court and sought to dismiss this action approximately four months after transfer to this Court and two months after they filed the state court action—and only that long because plaintiffs were waiting for defendant to file an answer in the state court action, which defendant apparently did not timely file. Discovery has not yet begun in either this case or the state court action. Because the expenses incurred thus far are not significant, the litigation is still in the preliminary stages, and plaintiffs have shown diligence in moving to dismiss, the Court declines to grant defendant attorney fees and costs.

**CONCLUSION**

For the foregoing reasons, plaintiffs' Motion to Dismiss, ECF [20], is GRANTED, and defendant's Motion for Stay, ECF [30], is DENIED.  This case is DISMISSED without prejudice and without fees and costs.


IT IS SO ORDERED.

DATED this 17th day of July, 2025.

Adrienne Nelson
United States District Judge